UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

_____

CHYQUELE DAWSON,

                Petitioner,

v.                                                                           Case No. 22-cv-0622-bhl

CHRIS BUESGEN,

                Respondent.
_____

## SCREENING ORDER
_____

      On May 16, 2022, petitioner Chyquele Dawson, a state prisoner currently incarcerated at Stanley Correctional Institution, filed a petition for a writ of habeas corpus under 28 U.S.C. §2254. (ECF No. 1-1 at 1.) A week later, he paid the $5.00 filing fee.

      Under Rule 4 of the Rules Governing §2254 Cases, the Court must screen Dawson's petition, and:

> [i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4, Rules Governing §2254 Cases. During its initial review of a habeas petition, the Court examines whether the petitioner has set forth cognizable constitutional or federal law claims and tries to confirm that those claims have been exhausted in state court.

      Dawson was convicted of one count of first-degree recklessly endangering safety in violation of Wis. Stat. Section 941.30(1) and one count of an adjudged delinquent possessing a firearm in violation of Wis. Stat. Section 941.29(2)(b). (ECF No. 1 at 2.) He is currently serving a 19-year sentence. (*Id.*) The Wisconsin Court of Appeals affirmed his conviction, and the Wisconsin Supreme Court denied his petition for review. (*Id.* at 3.)

      Dawson's petition in this Court asserts three grounds for relief, all based on trial counsel's alleged ineffectiveness. (*Id.* at 6-9.) More specifically, the petition alleges that trial counsel rendered ineffective assistance when she failed to object to: (1) the prosecutor striking

all minorities from the pool of prospective jurors; (2) the prejudicial introduction of photographic evidence at trial; and (3) the trial court's improper considerations during sentencing. (*Id.*)

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a request for federal habeas corpus relief is subject to a one-year limitation period. 28 U.S.C. §2244(d)(1). Generally, this limitation period begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. §2244(d)(1)(A); *see Dodd v. United States*, 545 U.S. 353, 357 (2005) ("In most cases, the operative date from which the limitation period is measured will be the one identified in [§2244(d)(1)(A)]: 'the date on which the judgment of conviction becomes final.'"). "In Wisconsin, a direct challenge to a conviction becomes 'final' the day the Remittitur issues." *Balsewicz v. Kingston*, 425 F.3d 1029, 1032 (7th Cir. 2005) (citing Wis. Stat. §809.26; *State ex rel. Fuentes v. Wisconsin Court of Appeals*, 593 N.W.2d 48, 51 (1999)). Regardless of the starting date, the limitations period is tolled when the petitioner has a properly filed, pending application for post-conviction or collateral review of the challenged judgment. 28 U.S.C. §2244(d)(2).

In this case, the Wisconsin Supreme Court denied Dawson's petition for review on February 24, 2021, but he did not file his federal habeas petition until May 16, 2022, more than a year after the date on which his conviction became final. (ECF No. 1 at 3; ECF No. 1-1 at 1.) And his petition clearly states that he did not pursue any post-conviction relief beyond direct appeal. (ECF No. 1 at 4.) Thus, because Dawson failed to file his petition within the time allowed by statute, he cannot proceed with a habeas petition related to this conviction. The Court must therefore dismiss the petition.

Under Rule 11(a) of the Rules Governing Section 2254 Cases, this Court must consider whether to issue a certificate of appealability. A court may issue a certificate of appealability only if the applicant makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotations omitted). Because no reasonable jurists could debate that the petition should have been resolved differently, the Court will not issue a certificate of appealability.

**IT IS HEREBY ORDERED** that, pursuant to Rule 4 of the Rules Governing §2254 Cases, the petition for writ of habeas corpus is **DISMISSED**. The Court declines to issue a certificate of appealability. The Clerk of Court is directed to notify the petitioner and enter judgment accordingly.

Dated at Milwaukee, Wisconsin on July 1, 2022.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge